**Sybil O'CONNELL, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 01–3364.**

United States Court of Appeals, Federal Circuit.

DECIDED: March 11, 2002.

Before LOURIE, GAJARSA, and PROST, Circuit Judges.

DECISION

PER CURIAM.

The Office of Personnel Management ("OPM") denied Sybil O'Connell's request that it recompute the redeposit amount for funds that she withdrew from the Civil Service Retirement and Disability Fund ("Retirement Fund"). Ms. O'Connell seeks review of the final decision of the Merit Systems Protection Board ("the Board") affirming OPM's decision. *O'Connell v. Office of Pers. Mgmt.,* No. BN–0831–00–0202–I–1, 90 M.S.P.R. 455 (M.S.P.B.2000), *recons. denied,* No. CH–0752–00–0622–I–1, 88 M.S.P.R. 302 (M.S.P.B. Aug. 26, 2001). For the reasons stated below, this court *affirms.*

Ms. O'Connell worked full-time for the Social Security Administration until May 1982. Thereafter, she worked as an intermittent employee until October 29, 1983, with no intervening break in service.

On February 22, 1985, Ms. O'Connell sent OPM an Application for Refund of

Retirement Deductions. Along with the application, she enclosed a letter making a number of inquiries, including the following:

Do you have any literature which would explain to me how the current system works?

If I am later re-employed by the U.S. Govt., as I intend to be, and I repay my Retirement, as I intend to do, am I forfeiting any rights by taking my retirement out now?

On March 13, 1985, OPM authorized a refund of $10,970 without answering any of Ms. O'Connell's inquiries.

Ms. O'Connell later returned to Government service. On January 11, 1999, she filed with OPM an Application to Make a Deposit or Redeposit to the Retirement Fund. Upon receipt of this application, OPM sent Ms. O'Connell a bill for redeposit in the amount of $32,905. This amount represented the $10,970 refunded to Ms. O'Connell plus interest of $21,935, calculated using the variable annual rates determined by the Department of the Treasury, in accordance with 5 U.S.C. § 8334(e)(3). On May 24, 1999, Ms. O'Connell requested that OPM recompute the interest using the 3% fixed rate that applied to redeposits of all withdrawals requested before October 1, 1982. On July 14, 1999, OPM issued a decision denying this request. Ms. O'Connell requested reconsideration of the decision by OPM, which was also denied.

Ms. O'Connell appealed this denial to the Board. She argued that OPM's failure to counsel her regarding the disparate effect of withdrawing her deposits before or after October 1, 1982, was unfair in light of her letter of February 22, 1985. She further argued that OPM's regulations are difficult to understand.

The Administrative Judge ("AJ") held that Ms. O'Connell had presented the Board with no authority upon which it could reverse OPM's calculation of the interest required to make her redeposit. *O'Connell*, No. BN–0831–00–0202–I–1, slip op. at 5. Ms. O'Connell petitioned the Board to reconsider the AJ's decision. The Board concluded that Ms. O'Connell had presented no new, previously unavailable evidence, and that the AJ made no error of law or regulation that would affect the outcome of Ms. O'Connell's appeal. *O'Connell*, No. CH–0752–00–0622–I–1, slip op. at 1. Accordingly, the Board denied Ms. O'Connell's petition for review. *Id.* at 2. Ms. O'Connell now appeals to this court.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994). This court's scope of review over decisions of the Board is limited by statute. This court must affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2001); *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed.Cir.1995).

We find that the Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise in error. Interest due on a redeposit of a lump-sum refund is determined pursuant to 5 U.S.C. § 8334(e)(3) (2001), which states:

The rate of interest is 4 percent a year through December 31, 1947, and 3 percent a year beginning January 1, 1948, through December 31, 1984. Thereafter, the rate of interest for any calendar year shall be equal to the overall average yield to the Fund during the preceding fiscal year from all obligations purchased by the Secretary of the Treasury during such fiscal year under section

8348(c), (d), and (e) of this title, as determined by the Secretary.

Beginning January 1, 1985, the Department of the Treasury determined the variable rate as follows:

| Year | Interest Rate |
| --- | --- |
| 1985 | 13.0% |
| 1986 | 11.125% |
| 1987 | 9.0% |
| 1988 | 8.375% |
| 1989 | 9.125% |
| 1990 | 8.75% |
| 1991 | 8.625% |
| 1992 | 8.125% |
| 1993 | 7.125% |
| 1994 | 6.25% |
| 1995 | 7.0% |
| 1996 | 6.875% |
| 1997 | 6.875% |
| 1998 | 6.75% |

By way of an uncodified statute, Congress exempted the redeposits of one group of people from the application of these interest rates—former employees who filed applications for lump sum refunds prior to October 1, 1982. Act of Oct. 15, 1982, Pub. L. No. 97–46, § 3(j)(1), 96 Stat. 1647, 1649, *amending* Omnibus Budget Reconciliation Act of 1982, Pub. L. No. 97–253, § 303(d)(1), 96 Stat. 763, 793.

Ms. O'Connell did not file for a lump sum refund prior to October 1, 1982. She also has not pointed this Court to any authority, nor could we find any, that would allow OPM, the Board, or this Court to exempt her from the clear and unambiguous provisions of 5 U.S.C. § 8334(e)(3) and the interest rates determined by the Secretary of the Treasury pursuant to that statute.

Assuming for the moment that OPM was aware prior to October 15, 1982, of the impending change in the law, Ms. O'Connell may be correct in arguing that OPM could have warned all former employees that if they wished to withdraw their retirement contributions but planned to return to government service some day that they might want to make any such withdrawal prior to October 1, 1982, in order to obtain the benefit of the fixed 3% interest rate on redeposits. However, Ms. O'Connell was not a former employee until October 29, 1983; even if OPM had issued such a warning, she would not have received it. In any event, OPM's failure to warn her of an impending change in the law with respect to the withdrawal and redeposit of retirement contributions did not provide OPM, the Board, or this Court with the requisite legal authority to exempt Ms. O'Connell from the explicit directives of 5 U.S.C. § 8334(e)(3).

For these reasons, the final decision of the Board is affirmed.

No costs.